## POWERS V. CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY

[No. 13,502. Filed February 18, 1930. Rehearing denied May 16, 1930. Transfer denied April 27, 1933.]

*Frank Hamilton,* for appellant.

*Frank L. Littleton, Thomas E. Davidson, H. N. Quigley, S. W. Baxter* and *C. P. Stewart,* for appellee.

McMAHAN, J. —A demurrer to appellant's complaint was sustained October 10, 1927. On May 26, 1928, appellant having refused to plead further, judgment was rendered in favor of the defendant. Notice of appeal was served on the clerk of the trial court and on the attorney who represented appellee in the trial court, on November 21, 1928. The transcript and assignment of errors were filed in this court November 24, 1928, 182 days after the rendition of the judgment.

Section 696, Burns 1926, §640 Civil Code, as amended by Chapter 36, Acts 1913, p. 65, provides that appeals in all cases must be taken within 180 days from the time the judgment is rendered. A person under disability when the judgment is rendered may appeal within 180 days after the disability is removed. Appellant was not under any disability. The statute gave him 180 days within which to file his transcript and assignment of errors in this court. It has been held that statutes limiting the time within which an appeal can be taken are jurisdictional and mandatory, and that the time for taking an appeal cannot be extended by agreement of the parties. *Thompson* v. *A. J. Thompson Stone Co.* (1924), 81 Ind. App. 442, 144 N. E. 150, 152.

As was said by this court in the Thompson Case, "If the parties can not by agreement extend the time in which an appeal can be taken, the failure of the appellee to move a dismissal on the ground that the appeal was not perfected in time will not confer jurisdiction."

In answer to an order to show cause why this appeal should not be dismissed, appellant by his affidavit says

his failure to file the transcript within the time fixed by the statute was caused by the mistake of his attorney in calculating the time when the transcript should have been filed and that his attorney believed he had until November 26, 1928, to file the transcript.

The Supreme Court, in discussing the failure of an appellant to perfect his appeal in time, said: "It has been uniformly held by this court that an appeal must be taken within the time limited by statute, and that unless the transcript and assignment of errors are filed within that time, there is no cause in this court. . . . It has been held, however, that where an appellee by violence or fraud, has prevented appellant from perfecting his appeal in time, or where appellant's failure to perfect his appeal was due to accident or excusable mistake, this court may grant an appeal on a proper application. But this extraordinary power will never be exercised, except when appellant presents a meritorious case in which he has been free from negligence, and appellee's conduct or the accident or mistake relied on is clearly established." *Brady* v. *Garrison* (1912), 178 Ind. 459, 99 N. E. 738, 739.

In each of the cases cited by appellant the transcript and assignment of errors were filed in time, but the attempt to give notice had not been effectual. The transcript not having been filed in time, this court is without jurisdiction to proceed.

Appeal dismissed.