ROEBUCK ET AL. *v.* ESSEX, ADMINISTRATRIX.

[No. 27,148.  Filed November 29, 1938.]

*H. A. S. Levering,* for appellants.

*Chester L. Teeter,* for appellee.

FANSLER, J.—This appeal involves a claim against a decedent's estate.

The transcript and assignment of error was filed in the office of the clerk of this court 98 days after the date of judgment. The appellee has interposed a mo-

tion to dismiss the appeal for the reason that it was not perfected within 90 days as required by Rule 1 of this court.

The appellants contend that the appeal is governed by section 3 of chapter 36 of the Acts of 1913 (Acts 1913, p. 65), section 6-2002 Burns' Ann. St. 1933, section 3278 Baldwin's Ind. St. 1934, which provides for appeals in matters connected with a decedent's estate. The provision of the section is that, when an appeal is prayed, an appeal bond shall be filed within 30 days, and the transcript shall be filed in the Supreme Court within 90 days after filing the appeal bond. The purpose of this statute was to provide a shorter time for taking appeals in matters involving a decedent's estate than was permitted in appeals generally. At the time the statute was enacted, the general appeal statute provided a maximum of 180 days for the taking of appeals. The purpose of Rule 1 was to reduce the maximum time for appeals. The rule must be treated as controlling all appeals except those governed by statutes fixing a shorter time.

The appellants call attention to the fact that, in the printed rules, at the end of Rule 1, there appears the following: "(This supersedes Sec. 640, Ch. 38, Acts of 1881 as amended by Sec. 2, Ch. 36, Acts of 1913)," and argue that they were led to believe that no other statute was superseded. The statement is no more than an annotation, and, when the established policy of requiring that appeals affecting decedents' estates be taken in a shorter time than appeals generally is considered, it cannot reasonably be concluded that the new rule was intended to change that policy, and permit a greater delay in matters involving a decedent's estate than in appeals generally.

The motion is sustained, and the appeal dismissed.