BARR, ET AL. *v.* ALLEN, ET AL.

[No. 27,433. Filed October 15, 1940.]

*Morton C. Embree* and *Gerald E. Hall,* both of Princeton, for appellants.

*Allen, Hastings & Allen, Robert J. Hyatt* and *Ray S. Donaldson,* all of Washington, for appellees.

SHAKE, J.—This is an appeal from a proceeding in the Daviess Circuit Court for the establishment and construction of a levee along the West Fork of White River. The proceedings were instituted under Acts of 1907, chapter 223, as amended (§§ 27-801 to 27-815, Burns' 1933, §§ 10210 to 10224, Baldwin's 1934). After the report of the levee commissioners had been approved, but before a contract for construction had been let, the General Assembly enacted Acts of 1937, chapter 42 (§§ 27-823 to 27-828, Burns' 1933 (Supp.), §§ 10224-1 to 10224-6, Baldwin's Supp. 1937). Said last mentioned act provided, generally, that where a petition had been filed under the act of 1907, as amended, and where the report of the levee commissioners had been

approved and the proceedings were still pending, the court might, on motion of the petitioners, refer the matter back to the levee commissioners for a new report, in order to make the project conform to the Federal Flood Control Act of 1936 (33 U. S. C. A., § 701a, et seq.). This was done and a new report filed, to which there were remonstrances. There was a trial, which resulted in the approval of the new report and the adjudication of the benefits and damages. A new trial was denied on March 16, 1940, and the record was filed in the office of the clerk of this court on June 11, 1940.

The act of 1907, as amended, provides that:

"The order of the court approving and confirming the assessments and declaring the proposed work established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty (30) days . . ." (§ 27-803, Burns' 1933, § 10212, Baldwin's 1934.)

The act of 1937 provides that:

"The order of the court approving and confirming the report and assessments shall be final and conclusive from which there shall be no appeal." (§ 27-824, Burns' 1933 (Supp.), § 10224-2, Baldwin's Supp. 1937.)

It is further provided in the act of 1937 that:

"This act shall be supplemental to chapter 223 of the Acts of the General Assembly of the state of Indiana, 1907, and all acts amendatory and supplemental thereto, and shall not be construed to repeal, alter or amend any of the provisions of said act, but for the purposes herein prescribed, the procedure shall be as prescribed in this act." (§ 27-827, Burns' 1933 (Supp.), § 10224-5, Baldwin's Supp. 1937.)

The appellees have moved to dismiss the appeal, contending that if the act of 1937 applies, this court has

no jurisdiction; and that if the case is governed by the act of 1907, as amended, the right to review must be denied because appellants did not file a bond and perfect their appeal within 30 days. Appellants assert, on the other hand, that that part of the act of 1907, as amended, relating to appeals was repealed by the act of 1937; that appellants cannot be denied their right to appeal, as was sought to be done by the act of 1937; that the proceedings below deprived them of due process of law; and that they are therefore entitled to appeal within 90 days, as in ordinary civil cases.

. The appellants' position is inconsistent and untenable. The provision of the act of 1907, as amended, relating to appeals is in effect and controlling, unless it has been repealed by the act of 1937. If that part of the act of 1937 which undertakes to deny the right to appeal is valid, the appellants have no right in this court; and if it is invalid, said act did not repeal the act of 1907 by implication. *Carr, Auditor,* v. *State, ex rel. Coetlosquet* (1891), 127 Ind. 204, 26 N. E. 778, 11 L. R. A. 370, 22 Am. St. Rep. 624. We do not find it necessary, however, to express any opinion with respect to the validity of the act of 1937. Whether it is valid or invalid, the result must be the same so far as the appellants are presently concerned. The rule of this court relating to the time for taking appeals is not controlling in those cases which are governed by statutes fixing a shorter time. *Roebuck* v. *Essex, Admx.* (1938), 214 Ind. 637, 17 N. E. (2d) 469.

The appeal is dismissed.

NOTE:—Reported in 29 N. E. (2d) 316.