ANCKER ET AL. *v.* BRIGHTWOOD STATE BANK OF INDIANA

[No. 16,693.  Filed October 15, 1940.]

*C. James McLemore,* of Indianapolis, for appellants.
*John H. Baldwin,* of Indianapolis, for appellee.

BRIDWELL, C. J.—Appellee has filed its motion to dismiss this appeal, averring among other things that the judgment in this cause was rendered on January 25, 1940; that the motion for a new trial was overruled on February 9, 1940; that the transcript of the record and appellants' assignment of errors was filed in this court on July 22, 1940, and that said attempted appeal was not consummated within the time allowed for perfecting an appeal. The allegations of said motion as to the time when the various actions and rulings were taken are sustained by the record.

Appellants in their answer, and in their brief opposing the motion to dismiss, contend that they exercised due diligence to consummate the appeal, in that they filed with the clerk of the trial court, on March 7, 1940, their praecipe for the transcript of the record, but did not receive same until June 15, 1940, although on many occasions they requested it from said clerk; that at the time of the rendition of the judgment they "informed both the court and this appellee, in open court, that an appeal would be prayed and this appellee has not been taken by surprise." They ask this court to disregard its own rules, and determine this cause on its merits.

It clearly appears from the record, and it is not in any way controverted that more than ninety days elapsed from the date of overruling appellants' motion for a new trial to the date of the filing of the record and appellants' assignment of errors in this court. The

revised rules of the Supreme and Appellate Courts, adopted June 21, 1937, were in force and effect at the time of the attempted appeal. Rule 1 is as follows: "Appeals from final judgments in all civil and criminal cases in which the final judgment is entered or a motion for a new trial is ruled upon subsequent to the 31st day of August, 1937, must be taken within ninety days of the date of the judgment or the ruling on the motion for a new trial. . . ."

In the instant case 163 days intervened between the date of the overruling of the motion for a new trial and the filing of the record here. The attempted appeal not having been perfected within the time as provided by Rule 1, *supra,* appellee's motion to dismiss the appeal should be, and is, sustained. See *Findy* v. *Bodine* (1940), 107 Ind. App. 604, 26 N. E. (2d) 80.

The appeal is dismissed.

NOTE.—Reported in 29 N. E. (2d) 319.