BARD *v.* CLINE.

[No. 16,923. Filed April 14, 1942.]

*George C. Davis,* of Bluffton, and *Snouffer & Snouffer,* of Fort Wayne, for appellant.

*Eichhorn, Gordon & Edris,* of Bluffton, for appellee.

DEVOSS, C. J.—The appellee entered a special appearance herein and filed a verified motion with briefs in support thereof to dismiss this appeal. No answer to this motion or briefs in opposition thereto were filed by appellant.

It is insisted by appellee that under rule 2-2 of the Rules of the Supreme Court, 1940 revision, this cause should be dismissed.

Said rule 2-2 reads as follows:

"TIME FOR APPEAL. In taking appeals to the Supreme or Appellate Court from final judgments in civil and criminal cases, the assignment of errors and transcript of the record must be filed in the office of the clerk of the court to which the appeal is taken within 90 days from the date of the judgment or the ruling on the motion for a new trial. If within the time for filing the assignment of errors and the transcript of the record as above provided it is made to appear by petition, notice of the petition having been given to the adverse parties, that notwithstanding due diligence on the part of the parties seeking to appeal, it has been impossible, and will be impossible, to procure a bill of exceptions containing the evidence in time to permit the filing of the assignment of errors and transcript on appeal within 90 days, the court to which the appeal is sought may in its discretion grant a reasonable extension of time within which to file said transcript, and may at the same time direct the trial court to extend the time granted for the filing of the bill of exceptions. When the appellant is under legal disability at the time the judgment is rendered, he may file the transcript of the record within 90 days after the removal of the disability."

This cause was subitted to the trial court on the 20th day of February, 1941. On the 13th day of June, 1941, the court rendered a judgment for the defendant therein. On the 14th day of June, 1941, the plaintiff filed his motion for a new trial, and on the 21st day of June the trial court overruled said motion for a new trial, and plaintiff prayed an appeal to the Appellate Court of Indiana, and was granted 75 days to file all bills of exceptions; and afterwards, on the 28th

day of August, 1941, said plaintiff was by the court granted 60 days additional in which to file all bills of exceptions, and thereafter on the 3rd day of November, 1941, said plaintiff was granted an additional 30 days in which to file all bills of exceptions.

The transcript in this case was filed on December 3, 1941.

In no event can we say that the appellant herein has conformed to the above and foregoing rule 2-2.

The right of appeal is a statutory right, and one seeking the benefit of such right must bring himself within the rules relating thereto. No petition was filed in this court seeking additional time in which to file the transcript; and no extension being granted, it follows that under the rules of this court the appeal must be dismissed. *Wimberg, Admx.* v. *Kroemer* (1940), 108 Ind. App. 65, 27 N. E. (2d) 115.

Appeal dismissed.

NOTE.—Reported in 40 N. E. (2d) 996.