GULICK *v.* MARION CIRCUIT COURT ET AL.

[No. 28,865. Filed January 10, 1952.]

*Walter C. Gulick, pro se.*

*J. Emmett McManamon,* Attorney General; *James A. Watson* and *Glen F. Kline,* Deputy Attorneys General, for appellees.

PER CURIAM.—The record in this case indicates that on September 8, 1948 in an appeal from a layoff by the Indiana Employment Security Division, the recommendation of the hearing member was adverse to the position of the appellant. Thereafter, the matter was heard by the full board and apparently the finding of the hearing member was affirmed.

Thereafter, the matter was appealed to the Marion Circuit Court where the matter was heard before the Judge thereof on February 16, 1951. On June 20, 1951 the Marion Circuit Court made its finding and judgment affirming the determination of the Indiana State Personnel Board in said cause and rendered its judgment that the petitioner take nothing by his action and that the costs in the cause be taxed against the petitioner.

On December 3, 1951 appellant filed his transcript with the Clerk of the Supreme and Appellate Court appealing said cause to the Appellate Court of Indiana from which court the cause was duly transferred to this court because of a lack of jurisdiction in the Appellate Court to hear the same. On December 28, 1951 the appellees, Indiana State Personnel Board and Indiana Employment Security Division, filed their motion to dismiss the appeal for the reason that the same was not taken within the period of ninety days from the date of the judgment rendered by the Marion Circuit Court.

Rule 2-2 of this court provides as follows:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control."

The statute providing for appeals from "administrative adjudication by all agencies of the state of Indiana," provides that the reviewing court shall make an appropriate order or decree "which shall be subject to appeal in the same manner as in other civil cases." §63-3002, Burns' 1951 Replacement.

In view of the foregoing it is apparent that the appeal in this case perfected by the filing of the transcript with the Clerk of the Supreme Court on December 3, 1951, 175 days after the rendition of the judgment in the cause, comes too late.

The petition to dismiss the appeal for this reason is sustained and the appeal is dismissed at the cost of the appellant.

NOTE.—Reported in 102 N. E. 2d 762.