TOURKOW, ADMINISTRATOR *v.* HOOVER.

[No. 18,345.   Filed October 15, 1952.]

*Tourkow & Dennis,* both of Fort Wayne, *Arthur W. Meyring,* (of counsel) of Dayton, Ohio, for appellant.

*Campbell, Livingston, Teeple & Dildine,* all of Fort Wayne, for appellee.

## ON MOTION TO DISMISS

ACHOR, C. J.—Appellee, on August 8, 1952, filed his motion to dismiss this appeal for the reason that the assignment of errors and transcript of record were not filed within 90 days after the overruling of appellant's motion for a new trial by the trial court. No reply was filed to said motion by appellant, but thereafter, on September 18, 1952, appellant's petition for an extension of time in which to file transcript and bill of exceptions was received by the Clerk of this court.

The record discloses that the motion for a new trial was overruled in the cause on February 2, 1952. That the appellant filed the transcript of record and assignment of errors in the cause on May 31, 1952, which date was 29 days after the expiration of the time allowed by Rule 2-2 of the Rules of the Supreme Court of Indiana. Said rule is as follows:

> "In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. . . ."

Appellant states that the delay in filing the transcript and bill of exceptions was occasioned by "some miscalculation" on the part of the appellant. Appellant asks that under the inherent power of the court it grant the extension of time for the filing of transcript and bill of exceptions in this cause. The cases of *State ex rel. Cook* v. *Howard, Warden* (1945), 223 Ind. 694, 64 N. E. 2d 25, and *State ex rel. Barnes* v. *Howard*

(1946), 224 Ind. 107, 65 N. E. 2d 55, are cited as authority for such inherent power of the court.

However, the circumstances in the cases cited and the facts in the case before us are widely divergent. In the cases cited, the appellants were, by physical restraint on the part of public officials, prevented from perfecting their appeal within the time provided by Rule 2-2. In the case at bar the only excuse for such extension of time was "some miscalculation" on the part of appellant.

The rule upon this issue is well established that, where an appellant is, by physical restraint or by fraud on the part of appellee, prevented from perfecting his appeal in time, or where appellant's failure to perfect his appeal was due to accident or excusable mistake, the appellate tribunal may grant an appeal on a proper application by virtue of its inherent power. But this extraordinary power will never be exercised except when appellant presents a meritorious case, in which he has been free from negligence. *Smythe* v. *Boswell* (1889), 117 Ind. 365, 20 N. E. 263; *Hutts* v. *Martin* (1892), 131 Ind. 1; 30 N. E. 698, 31 Am. St. 412; *Bank of Westfield* v. *Inman et al.* (1892), 133 Ind. 287, 32 N. E. 885; *Tate* v. *Hamlin et al.* (1895), 149 Ind. 94, 41 N. E. 356, modification overruled 149 Ind. 94, 41 N. E. 1035; *Brady* v. *Garrison* (1912), 178 Ind. 459, 99 N. E. 738; *State ex rel. Cook* v. *Howard, supra; State ex rel. Barnes* v. *Howard, supra; Hurst* v. *Hawkins* (1907), 39 Ind. App. 467, 79 N. E. 216; rehearing denied 39 Ind. App. 467, 80 N. E. 42; *Masters* v. *Abbitt* (1912), 51 Ind. App. 429, 99 N. E. 815; *Coxe Bros. & Co.* v. *Foley* (1915), 58 Ind. App. 584, 107 N. E. 85; *Union Trust Co., Exr.* v. *Burke* (1937), 104 Ind. App. 353,

11 N. E. 2d 55; *McGuire* v. *Review Board, Emp. Sec. Div.* (1951), 121 Ind. App. 377, 99 N. E. 2d 263.

Furthermore, it has been held to constitute an excuse that the mistake must be one of fact and not of law. *Chicago, etc., R. Co.* v. *Priddy* (1917), 65 Ind. App. 552, 108 N. E. 238. In the case before us appellant's "miscalculation" was due either to a mistake of the law or to negligence on his part.

The law is well established that appeals and reviews must be taken within the time limited except where extraordinary circumstances exist, as heretofore stated. Unless the transcript and assignment of errors is filed within the time allowed, there is no cause in the appellate tribunal and the appeal will be dismissed. *Smythe* v. *Boswell, supra; Bank of Westfield* v. *Inman, supra; Board of Com'rs. of Vigo County et al.* v. *City of Terre Haute* (1897), 147 Ind. 134, 46 N. E. 350; *Brady* v. *Garrison, supra; Gulick* v. *Marion Circuit Court* (1952), 230 Ind. 232, 102 N. E. 2d 762; *Union Trust Co., Exr.* v. *Burke, supra; Bard* v. *Cline* (1942), 111 Ind. App. 146, 40 N. E. 2d 996; *Isley* v. *Isley* (1944), 115 Ind. App. 69, 56 N. E. 2d 513; *Keller* v. *Hatfield* (1945), 116 Ind. App. 105, 62 N. E. 2d 400; *Bachelder* v. *Parker* (1947), 118 Ind. App. 66, 74 N. E. 2d 926. The filing of the transcript and assignment of errors within the time allowed has been said to be a jurisdictional act. *Vail* v. *Page* (1911), 175 Ind. 126, 93 N. E. 705; *Farlow* v. *State* (1925), 196 Ind. 295, 142 N. E. 849; *Hill* v. *Lincoln Nat. Bank & Trust Co.* (1938), 214 Ind. 451, 15 N. E. 2d 1019; *Powers* v. *C. C. C. & St. L. Ry. Co.* (1933), 96 Ind. App. 517, 170 N. E. 107; *Gundy, Admr.* v. *McDowell Lumber Company* (1933), 97 Ind. App. 638, 85 N. E. 869; *State ex rel. Bernard* v. *Geckler* (1934), 98 Ind. App. 436, 189 N. E. 842; *State ex rel. Hock* v. *Cir. Ct. of Morgan*

*Co.* (1949), 118 Ind. App. 676, 83 N. E. 2d 51; *Massey* v. *Walker* (1950), 120 Ind. App. 609, 94 N. E. 2d 675.

Appellant having failed to file his transcript and assignment of errors within the time fixed by Rule 2-2 of the Supreme Court of Indiana, appellee's motion to dismiss is sustained.

Appeal dismissed.

NOTE.—Reported in 108 N. E. 2d 195.