Wenzel v. The National Refining Company

[No. 18,450. Filed September 28, 1953.]

*Donald Baker,* of Terre Haute, for appellant.

*Charles A. Melton, Bert F. Wood* and *Buena Chaney,* all of Terre Haute, for appellee.

Kendall, C. J.—Appellee filed motion to dismiss or affirm this appeal for the reason that the assignment of errors and transcript of the record were not filed in this court within ninety (90) days after judgment was rendered or the court's overruling appellant's motion for new trial. The appellant has not filed any brief with the court or answer in opposition to the motion.

The record discloses that judgment was rendered in this case by the lower court on December 3, 1952; that appellant's motion for new trial was overruled on Feb-

ruary 19, 1953; that the transcript and assignment of errors were not filed in the Office of the Clerk of the Supreme and Appellate Court until June 2, 1953, which was more than ninety (90) days after the ruling on the motion for new trial and the date on which judgment was rendered. The appellant did not file a motion or petition for extension of time within which to file the transcript.

Rule 2-2 of the Supreme Court of Indiana provides in part as follows:

> "In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control."

In view of the fact that this court is without jurisdiction on account of appellant's failure to comply with the rules of this court in the filing of the Bill of Exceptions and transcript within ninety (90) days from date of judgment and the ruling upon motion for new trial, it is, therefore, needless for the court to consider other questions presented in appellee's motion to dismiss or affirm. *Keller* v. *Hatfield* (1945), 116 Ind. App. 105, 62 N. E. 2d 400; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2524, and cases cited therein.

Accordingly, therefore, this appeal is dismissed.

NOTE.—Reported in 114 N. E. 2d 562.