HIGGINSON *v.* STATE OF INDIANA.

[No. 29,491. Filed May 24, 1957. Rehearing denied September 25, 1957.]

*Rufus C. Kuykendall,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ACHOR, C. J.—Appellant was charged by affidavit, tried by jury, convicted of grand larceny, and fined $500 and sentenced to the Indiana State Prison for not less than one nor more than 10 years.

At the outset we are confronted by the fact that the motion for new trial was denied on July 18, 1956; that the 90-day period prescribed by Rule 2-2 for the filing of a transcript expired on October 16, 1956 without such transcript having been filed or an extension of time having been granted for the filing of such transcript. The docket shows that on October 19, 1956 appellant applied for and was granted an extension of time in which to file such transcript. Appellee has raised this issue by motion to dismiss.

The timely filing of the transcript and assignment of errors goes to the jurisdiction of this court, unless it is made to appear that appellant was under legal disability to file such transcript and assignment of errors within said period. Flanagan, etc., Indiana Trial & Appellate Practice, §2524, and

cases there cited. Such facts do not appear in this record.

We have heretofore held that the filing and granting of a belated petition for extension of time is incapable of vesting this court with jurisdiction, and that ■ such an appeal should be dismissed. *Dawson et al. v. Wright, Mayor, etc. et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796.

We would prefer deciding each case on its merits rather than dismiss it upon technical grounds. However, in this case the result would have been the same as the record reveals no reversible error.

Appeal dismissed.

Arterburn, Bobbitt, Emmert & Landis, JJ., concur.

, NOTE.—Reported in 142 N. E. 2d 435.