ROBBINS *v.* POMEROY MANUFACTURING COMPANY

[No. 19,466. Filed April 28, 1960.]

*William P. Dennigan,* of Vincennes, for appellant.

*McCray & Clark, Herman L. McCray, Gaylon L. Clark, Jr. and William E. Statham,* all of Evansville, for appellee.

MYERS, C. J.—This is an appeal from an award of the Full Industrial Board of Indiana which denied Workmen's Compensation benefits to the appellant herein.

On the 24th day of December, 1959, the Board entered the award denying benefits. In accordance with §40-1512, Burns' Ind. Stat., appellant was required to file her assignment of errors and transcript of the record in the office of the Clerk of the Supreme and Appellate Courts within thirty days from the date of the said award, which would have been on or before January 23, 1960. It is apparent from the record that the transcript and assignment of errors were filed with the Clerk of the Appellate Court on the 24th day of March, 1960. Appellant did not request or obtain an extension of time from this court within which to file her transcript and assignment of errors.

Appellee has entered a special appearance and moved that this appeal be dismissed on the ground that this court has no jurisdiction because of appellant's failure to perfect her appeal on or before thirty days from the date of the award as required by statute.

In her answer to appellee's motion to dismiss, appellant admits that the thirty-day rule was overlooked and that she proceeded on the basis of the Supreme Court rule for the filing of appeals and reviews in the "ordinary" court case, wherein ninety days are granted from either the date of the judgment

or the ruling on the motion for a new trial. (Supreme Court Rule 2-2.) The rule states that if the statute under which an appeal or review is taken fixes a shorter time, the statute shall control. In this case the statute pertaining to appeals in Workmen's Compensation cases fixes thirty days, and, before a shorter time, is controlling. Section 40-1512, Burns' Ind. Stat.

The fact that appellant was mistaken or was without knowledge as to the time within which the appeal should have been perfected can be of no avail. There is no question but that when a transcript and assignment of errors in an appeal from an award of the Industrial Board is filed more than thirty days from the date of the award, such appeal must be dismissed, for the timely filing is jurisdictional. *Highfield* v. *Duffy* (1917), 64 Ind. App. 102, 115 N. E. 347; *Wenzel* v. *National Refining Co.* (1953), 123 Ind. App. 699, 114 N. E. 2d 562; *Kiradlo* v. *Pisula, Admr., etc.* (1953), 232 Ind. 659, 115 N. E. 2d 744; *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; *Higginson* v. *State* (1957), 237 Ind. 256, 142 N. E. 2d 435. See, also, Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, §§2471, 2524 (1959 Pocket Part, pp. 77, 88).

Appeal dismissed.

NOTE.—Reported in 166 N. E. 2d 528.