BARKER *v.* STATE OF INDIANA.

[No. 30,083. Filed June 13, 1961.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Richard M. Givan,* Deputy Attorney General, for appellee.

ACHOR, J.—This is an original action in which petitioner asks permission to file a belated appeal.

This court has heretofore held that in order to sustain a motion for a belated appeal, the following essential elements must be made to appear: *One.* There must be cause shown to excuse the delay in perfecting a timely appeal and, *two,* that he has a prima facie meritorious cause for appeal. *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 77, 106 N. E. 2d 911.

In this case the attorney for petitioner, as excuse for his failure to perfect a timely appeal, asserts that he was engrossed with other matters of business and that he honestly believes that the motion for new trial was overruled by the

trial court on a date subsequent to the date of actual ruling thereon. The mere misunderstanding of counsel as to the law or the facts regarding the time available for appeal is not sufficient cause for granting a belated appeal. See cases cited in Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice §2475, p. 20, Comment 2.

Furthermore, in this petition the appellant sets forth no facts with regard to the merits of an appeal except to state: "Your affiant petitioner respectfully says that the evidence in the record discloses that the appellant is not guilty of murder in the second degree and . . . that the motion for new trial embraces all those grounds in which appellant contends that he was not guilty of the crime . . ." This general allegation on the part of appellant which contains no specific reference to or citation of error in the record is insufficient to make a prima facie showing of merit which is essential to the granting of a belated appeal.

The petition is therefore denied.

Landis, C. J., Arterburn, Bobbitt, Jackson, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 353.