## SCHILLING *v*. RITTER.

[No. 19,925. Filed January 3, 1963.]

*Murray, Mannon, Fairchild & Stewart,* of Indianapolis, for appellant.

*Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis, for appellee.

COOPER, C. J.—This matter is an attempted appeal from the Shelby Circuit Court wherein the appellant herein, John Schilling, was the plaintiff below, and the appellee herein, Melvin Ritter, was the defendant below.

It appears that judgment was rendered in favor of the appellee herein on the 26th day of May, 1962, and that on the 22nd day of June, 1962, the appellant filed his motion for a new trial which was overruled by the trial court on June 23, 1962. Thereafter, appellant filed a praecipe with the Clerk of the Shelby Circuit Court to initiate this attempted appeal.

This matter is now before us upon the appellant's petition for extension of time within which to file transcript and assignment of errors, together with affidavit and memorandum in support thereof. To the appellant's petition for extension of time to file transcript and assignment of errors, the appellee timely filed his objections to said petition averring, among other things, that the appellant's petition for extension of time within which to file transcript and assignment of errors was not filed in the office of the

Clerk of the Supreme and Appellate Courts until the 23rd day of October, 1962, and, therefore, was not filed within the ninety (90) day period from the date of the judgment or the ruling of the motion for a new trial.

We judicially know that Rule 2-2 of the Supreme Court of Indiana provides:

> "Time for Appeal or Review. In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. If within the time for filing the assignment of errors and transcript, as above provided, it is made to appear to the court to which an appeal or review is sought, notice having been given to the adverse parties, that notwithstanding due diligence on the part of the parties seeking an appeal or review, it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the court to which the appeal or review is sought may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors. When the appellant is under legal disability at the time the judgment is rendered, he may file the transcript and assignment of errors within 90 days after the removal of the disability."

We do not deem it necessary to cite authority that the Rules of the Supreme Court have the force and effect of law and the pertinent part of the aforesaid Rule provides, in substance, that an appeal must be perfected within ninety days from the date of judgment or the ruling on the motion for a new trial, unless the statute fixes a shorter time or an

extension of the time is granted by the appellate tribunal on the proper petition.

The general rule of law is that the failure to file a transcript of record and assignment of errors within the time limited by law or the Supreme Court rule unless said time is extended by the order of the appellate tribunal, the appeal will be dismissed, as timely filing is jurisdictional. See, §2524, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice; *Joyner etc.* v. *The Housing Authority, etc.* (1959), 130 Ind. App. 167, 162 N. E. 2d 685; *Meier* v. *Social Security Administration* (1957), 237 Ind. 421, 146 N. E. 2d 239; *Higginson* v. *State* (1957), 237 Ind. 256, 142 N. E. 2d 435; *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N. E. 2d 796; *Taylor* v. *Meskiman* (1953), 234 Ind. 485, 128 N. E. 2d 872; *Wenzel* v. *National Refining Co.* (1953), 123 Ind. App. 699; 114 N. E. 2d 562; *Kiradlo* v. *Pisula* (1953), 232 Ind. 659, 115 N. E. 2d 744; *Tourkow* v. *Hoover* (1952), 122 Ind. App. 676, 108 N. E. 2d 195; *McGuire* v. *Review Board of Indiana Employ. Sec. Div.* (1951), 121 Ind. App. 377, 99 N. E. 2d 263; *Massey* v. *Walker* (1950), 120 Ind. App. 609, 94 N. E. 2d 675; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102; *Barr* v. *Allen* (1940), 217 Ind. 489, 29 N. E. 2d 316; *Findy* v. *Bodine* (1940), 107 Ind. App. 604, 26 N. E. 2d 80; *Hubbard* v. *Hubbard* (1940), 108 Ind. App. 433, 29 N. E. 2d 339; *Ancker* v. *Brightwood State Bank* (1940), 108 Ind. App. 434, 29 N. E. 2d 319; *Roebuck* v. *Essex* (1938), 214 Ind. 637, 17 N. E. 2d 469.

It is true that this court has inherent power to grant time to perfect an appeal even after the expiration of time allowed by the rules of the Supreme Court, or statute, for sufficient reason shown (See *State ex rel. Thomas* v. *Elk-*

*hart Circuit Ct.* (1950), 228 Ind. 572, 94 N. E. 2d 485; Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §2471, p. 193; *Lowe, by Next Friend et al.* v. *Gardner et al.* (1959), 129 Ind. App. 527, 158 N. E. 2d 808) as the appellant herein maintains in his Memorandum in Support of Petition for Extension of Time; however, this is only done in rare and exceptional cases, such as matters of great public interest, or where extraordinary circumstances exist.

A review of appellant's petition shows no sufficient reason why the petition for extension of time in which to file the transcript of record and assignment of errors was not timely filed, as provided for by Rule 2-2 of the Supreme Court.

It appears that the appellant having failed to perfect his appeal pursuant to Rule 2-2 and the foregoing authorities, this court is without jurisdiction to to hear this attempted appeal; therefore, the attempted appeal is dismissed at the cost of the appellant.

NOTE.—Reported in 186 N. E. 2d 887.