## JOHNSON *v.* STATE OF INDIANA.

[No. 30,923. Filed March 22, 1966.]

*Donald L. Fasig,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, for appellee.

MYERS, C. J.—Appellant has filed a Verified Petition for Belated Appeal and for Extension of Time Within Which to File Transcript and Assignment of Errors. The petition was filed on February 16, 1966, and, under Rule 2-2 of the Rules of the Supreme Court, the transcript and assignment of errors should have been filed on or before February 10, 1966.

The verified petition alleges the following facts: The motion for new trial was timely filed by the trial counsel and overruled on November 12, 1965. The trial counsel filed the praecipe for transcript of evidence on January 6, 1966, and attorney for appellant did not at any time represent appellant prior to January 4, 1966. The attorney for appellant was incorrectly informed by the trial counsel that adequate time remained for the filing of the transcript, and in a letter on February 8, 1966, attorney for appellant was reassured by the trial counsel that ample time remained for filing the transcript. On February 15, 1966, attorney for appellant first discovered that the motion for new trial had been overruled on November 12, 1965. The transcript had not yet been received by attorney for appellant on February 10, 1966, the date on which it should have been filed. Attached to the petition is a letter from the trial counsel to attorney for appellant, dated February 15, 1966. In this letter, the trial counsel expresses his concern, and states that his assurances to attorney for appellant were based on the erroneous assumption that the motion for new trial was overruled on December 12, 1965, instead of November 12, 1965.

Upon these facts appellant bases his petition for belated appeal.

"This court has heretofore held that in order to sustain a motion for a belated appeal, the following essential elements must be made to appear: *One.* There must be cause shown to excuse the delay in perfecting a timely appeal and, *two*, that he has a prima facie meritorious cause for appeal. *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 77, 106 N. E. 2d 911." *Barker* v. *State* (1961), 242 Ind. 5, 6, 175 N. E. 2d 353. See also *Deckard* v. *State* (1961), 241 Ind. 338, 170 N. E. 2d 424.

It is well established that miscalculations and mistakes on the part of the attorney are not sufficient grounds for a belated appeal. *Barker* v. *State, supra; Deckard* v. *State, supra.* Were it otherwise, the time limitation of Rule 2-2 of the Rules of the Supreme Court would be meaningless. Appellant in the present case bases his petition on a mistake and miscalculation by his trial counsel and reliance thereon by his appellate attorney.

In addition, the verified petition neither states that appellant has a meritorious cause for appeal, nor does it set forth facts showing a prima facie meritorious cause for appeal.

The petition, therefore, is denied.

Arterburn, Jackson and Rakestraw, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 38.