DAVIDSON *v.* STATE OF INDIANA.

[No. 31,035. Filed October 11, 1966. Rehearing denied December 13, 1966.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, for appellee.

PER CURIAM.—Sewell Richard Davidson was tried, convicted, and sentenced to two to fourteen years in the Indiana

State Prison for the crime of sodomy. The Honorable Frederick Rakestraw, Special Judge, in the Hamilton Circuit Court, overruled the motion for new trial on May 24, 1966. The end of the period for timely appeal was therefore August 20, 1966.

On August 29, 1966, without an extension of time being granted, appellant's counsel submitted said cause. (Counsel does not state whether he submitted the Transcript and Assignment of Errors, or a petition for extension of time.) Because it was submitted late, the Clerk refused to accept it.

Counsel states that he was away on vacation and his secretary was left with instructions to supervise the filing of all papers in court. He states that she did not file this one but he does permit the blame to rest on his shoulders.

However, the rules of this court are mandatory. Rule 2-2 states in part:

"In all appeals and reviews the assignment of errors and transcript must be filed in the office of the Clerk of the Supreme Court within ninety (90) days from the date of the judgment or the ruling on the motion for new trial (whichever is later), . . ."

In *Higginson* v. *State* (1957), 237 Ind. 256, 142 N. E. 2d 435, an appeal in a criminal case was dismissed when the transcript was not filed as required within 90 days. In the *Higginson* case (at 257), it is stated:

"The timely filing of the transcript and assignment of errors goes to the jurisdiction of the court, unless it is made to appear that appellant was under legal disability to file such transcript and assignment of errors within said period. Flanagan, etc., Indiana Trial & Appellate Practice, § 2524, . . ."

Such facts do not appear in this record either, on these grounds.

Delegation of authority by an attorney to a secretary is not justifiable. Neglect of counsel to file in time or oversight

is not grounds for a belated appeal. If it were, every attorney could ignore time limitations expressed by the rules of this court. Barker v. State (1961), 242 Ind. 5, 175 N. E. 2d 353.

Appeal dismissed.

Jackson, J. dissents. Achor, J. & Rakestraw, C. J., not participating.

## ON PETITION FOR REHEARING

ARTERBURN, C. J.—The appellant has filed a petition for rehearing herein, questioning the constitutional right of this Court to render a 2-1 opinion. In this case Judges Rakestraw and Achor did not participate, leaving Judges Jackson, Myers and Arterburn as the participating judges. Judge Jackson dissented, and it necessarily follows that Judges Arterburn and Myers concurred in the opinion.

The Constitution of Indiana, Art. 7, Sec. 2, reads as follows:

"The Supreme Court shall consist of not less than three, nor more than five judges; a majority of whom shall form a quorum. They shall hold their offices for six years, if they so long behave well."

It is to be noted that a majority of the Judges of the Court, which would be three in the present instance, may constitute a quorum. A quorum is defined as the number of persons that are members of a body when assembled who are legally competent to transact the business of such a body. Normally, without the constitutional provision, a majority is considered a quorum at common law. The Constitution could have fixed a different number, but did not. Three members of this Court, under the Constitution as well as at common law, constitute a quorum to do business. This Court, when so constituted, may render a 2-1 decision.

Black's Law Dictionary, Fourth Edition.

For the reasons stated, the petition for rehearing is denied.

NOTE.—Reported in 220 N. E. 2d 340; Rehearing denied in 221 N. E. 2d 814.