DARLINGTON *v.* GUARANTEE RESERVE LIFE INSURANCE COMPANY, ETC.

[No. 20,655. Filed November 10, 1966. Rehearing denied December 6, 1966.]

*Jay Darlington,* of Hammond, for appellants.

*Charles Levin,* of Hammond, for appellees.

MOTION TO DISMISS APPEAL

SMITH, C.J.—The appellant, on September 29, 1966, filed a petition for extension of time to file transcript on appeal.

On October 3, 1966, appellees filed written objections to the granting of additional time to the appellant to file transcript and assignment of errors.

The record of this case discloses the following facts. This action was filed on April 25, 1960 in Lake County Superior Court No. 2. On October 25, 1965, defendant-appellee filed a petition for rule to show cause why the case should not be dismissed for failure to prosecute the same. The rule was made returnable on November 8, 1965; and, on said date, the plaintiff-appellant filed a motion for change of venue from the county. The motion for change of venue was granted and the cause was venued to the Porter Circuit Court. On May 2, 1966, oral argument was heard on the motion to dismiss and the trial court ordered the parties to file briefs on or before May 17, 1966.

On July 1, 1966, the Porter Circuit Court entered the following judgment: "The court having heard this cause on Defendants' motion for dismissal on May 2nd, 1966, and having taken same under advisement pending filing of briefs by the parties, now finds that plaintiff has not filed brief by May 17, 1966, as ordered by the court, and now rules on this motion as follows: Defendants' motion for dismissal is sustained, this cause now dismissed. Judgment accordingly. (signed: Alfred J. Pivarnik)."

The written objections filed by the appellees in substance contend that the petition filed by the appellant does not make a proper showing for an extension of time; that appellant has not shown sufficient reason why the petition for an extension of time to file transcript of record and assignment of errors was not timely filed; that no sufficient reason is shown and the petition should not be granted and appeal should be dismissed, citing *Schilling* v. *Ritter* (1963), 134 Ind. App. 168, 186 N. E. (2d) 887; that there is no sufficient reason shown why the appellant could not have obtained a transcript of the record within the ninety (90) day period, no trial having been had and no evidence taken; that appeals after the expiration of time

allowed by the rules may only be done in "rare and exceptional cases such as cases involving matters of great public interest or where extraordinary circumstances exist, citing *Schilling* v. *Ritter, supra;* and that the notice of said petition was not served on the attorney for the appellees until September 30, 1966.

On October 31, 1966, the appellant filed a petition for rehearing and or to vacate this court's purported final judgment dismissing this appeal.

The final date for the filing of the transcript and assignment of errors as disclosed by the record was September 29, 1966. The court is of the opinion that petition for extension of time was timely filed, having been filed on September 29, 1966. However, the appellant in his petition requesting additional time within which to file the assignment of errors and transcript of the record states that the period for filing transcript and assignment of errors would expire on September 28, 1966. This statement appears to be in error.

Rule 2-2 of the Supreme Court provides in part as follows: "In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of Supreme Court within ninety (90) days from the date of the judgment or the ruling on the motion for a new trial (whichever is later). . . . If within the time for filing the assignment of errors and transcript, as above provided, it is made to appear to the court to which an appeal or review is sought, *notice having been given to the adverse parties,* that notwithstanding due diligence on the part of the parties seeking an appeal or review, it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the court to which the appeal or review is sought may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors. . . ." (Emphasis supplied)

The record discloses that the appellant has failed to serve a timely notice on adverse parties pursuant to Rule 2-2.

In reply to petition for rehearing and/or to vacate its purported judgment dismissing the appeal, the appellees filed a brief with this Court on November 3, 1966. The brief in substance contains the following:

1. A petition for rehearing under Rule 2-22 of the Rules of the Supreme Court of Indiana contemplates the "rehearing of any cause" rather than of the refusal of the court in this case to grant appellant an extension of time to file its transcript.

2. A petition for rehearing assumes that the cause has been erroneously decided, however, no error has been pointed out in the brief sustaining this proposition.

3. "A petition for rehearing is a request to the court to revise its own action by correcting errors and modifying or setting aside its judgment." (Citing, *Stillabower* v. *Lizart*, 130 Ind. App. 65, 161 N. E. (2d) 195.)

4. Rule 2-22 of the Supreme Court of Indiana provides "Application for rehearing of any cause shall be made by petition, . . ., stating concisely the reasons why the decision is thought to be erroneous. . . ." In this case there was no decision by the court—it was merely the court's refusal to grant additional time to file a transcript on appeal.

5. "The object of a petition for a rehearing is to point out mistakes of law or of fact, or both, which the losing party contends were made by the court in arriving at its decision." *(Stillabower* v. *Lizart, supra.)* Appellant's petition herein does not point out any mistakes of law or of fact.

6. Petitions for rehearing are required to be "filed with the Clerk within twenty (20) days from the rendition of the decision, . . . ." (Rule 2-22 of the Supreme Court of Indiana). The order in which the court refused appellant's request for an extension of time was filed with the Clerk on October 10, 1966. Appellant's petition for rehearing was deposited in the mail on October 31, 1966—therefore, more than twenty (20) days had elapsed from the date that the order was filed.

7. A petition for rehearing is required to be dismissed if not filed within the time provided. (*Harr* v. *State of Indiana* (1957), 237 Ind. 320, 145 N. E. (2d) 657.)

From the application filed herein, the petition for rehearing, and the objections to the granting of the rehearing, it is our opinion that the appeal should be dismissed and ■ that the petition for extension of time to file transcript and assignment of errors should be denied, and petition for rehearing should be overruled.

NOTE.—Reported in 221 N. E. 2d 188.