BUCHANAN ET AL. *v.* THE BOARD OF ZONING APPEALS OF MARION COUNTY, INDIANA, ET AL.

[No. 20, 699. Filed October 30, 1967. No petition for rehearing filed.]

*John H. Baldwin,* of Indianapolis, for appellants.

*John F. Linder, Henry M. Coombs, Nick G. Ricos* and *Joseph Ransel,* all of Indianapolis, for appellants.

PER CURIAM.—This matter comes before the court on a Motion to Dismiss the Appeal filed by the appellee, Shortridge Mobile Homes Village, Inc., which said motion was filed on the 28th day of July, 1967, and reads in the words and figures as follows:

(H.I.)

To the motion of the appellee, the appellants filed a pleading which was designated, "Counter-Affidavit," which reads in the words and figures as follows:

(H.I.)

The record does not disclose whether or not the other appellees named in the caption of the action in this court, join with the appellee, Shortridge Mobile Homes Village, Inc., in the motion to dismiss, but an examination of the record discloses that the named appellee in the motion is the real party in interest and the other appellees are the various boards and commissions charged with disposition of zoning matters in Marion County, Indiana, and are made parties to the appeal by virtue of their administrative decisions.

The record further discloses that the final judgment in the action below was rendered by Marion Superior Court No. 5 on the 29th day of June, 1966; that the appellants' motion for a new trial was overruled on the 9th day of August, 1966; that the time limit of ninety (90) days in which to file the transcript in the office of the Clerk of the Supreme Court expired on the 7th day of November, 1966; that the appellants did not file their praecipe for appeal to the Appellate Court until the 28th day of December, 1966; that on the 28th day of December, 1966, the appellants filed with the Appellate Court a petition for an extension of time within which to file their transcript and assignment of errors; that said petition is designated, "appellants belated petition for an extension to file transcript and assignment of errors"; that on the 29th day of December, 1966, this court granted said appellants' petition to file said transcript and assignment of errors on or before March 3, 1967; that said appellants did file said transcript and assignment of errors within such extended time.

That said petition for extension of time was not timely filed, and did not allege grounds bringing it within the exception set out in the cases interpreting Rule 2-2 of the Supreme Court of the State of Indiana. *Indiana Department*

*of State Revenue, Gross Income Tax Division* v. *E. W. Bohren, Inc.* (1961), 242 Ind. 273, 178 N. E. 2d 438; *Schilling* v. *Ritter* (1963), 134 Ind. App. 168, 186 N. E. 2d 887.

In the most recent case of *Brindle* v. *Anglin* (1965), 246 Ind. 601, 208 N. E. 2d 476, decided by our Supreme Court in 1965, wherein this court had overruled a motion to dismiss and wrote an opinion on the merits, the Supreme Court in accepting transfer and dismissing the appeal said:

> "The motion to dismiss was denied pending briefing of the case on the merits.
> "However, as above noted, the Appellate Court in its opinion failed to consider this substantial issue, and considered the case solely upon the merits, by which procedure it contravened the ruling precedent of this court to the effect that the timely filing of a transcript and assignment of errors is jurisdictional."

The court therefore finds that said petition for extension of time was not timely filed and should be expunged from the record; that the same should not have been approved and said extension of time granted; that the order heretofore entered by this court, granting said petition for extension of time as prayed for, should be vacated, set aside and held for naught.

The court further finds that the appellant failed to comply with the provisions of Rule 2-2 and that this appeal should be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED by this court that said petition for extension of time should not have been filed and should be expunged from the record; that the order approving the same should be and the same is hereby vacated, set aside, and held for naught; that said appeal be and the same is hereby dismissed in accordance with Rule 2-2 of the Rules of the Supreme Court of the State of Indiana.

Appeal dismissed.

NOTE.—Reported in 230 N. E. 2d 635.