## EGGERS *v.* WRIGHT ET AL.

[No. 369S48. Filed March 12, 1969. Transfer granted March 12, 1969. Rehearing denied April 25, 1969. Second petition for rehearing denied May 19, 1969.]

*John F. Raftery, Gerald E. Stinson,* of Indianapolis, for appellant.

*Richard Smith, John T. Hume, III, Smith and Jones,* of counsel, of Indianapolis and *John A. Kendall, Kendall, Stevenson and Lewis,* of counsel, of Danville, for appellee.

ARTERBURN, J.—This case comes on petition to transfer from the Appellate Court. See opinion of Appellate Court reported in 240 N. E. 2d 79.

The appellant brought an action as a tenant against the landlord for injuries sustained in a fall on a step. The trial court found against the plaintiff-appellant under the evidence. The Appellate Court reversed the trial court and the appellees claim the Appellate Court weighed the evidence in doing so. However, we need not give that matter further consideration for the reason that we feel there is a more definite and pertinent ground for accepting transfer in this case and dismissing the appeal.

It appears undisputed that the plaintiff-appellant attempted to file her appeal ninety one (91) days after the trial court's ruling on her motion for a new trial, in violation of Rule 2-2 of this Court. The Appellate Court, however, overruled the motion to dismiss, based upon the failure to file the appeal within the required ninety (90) days, as provided by Rule 2-2. The opinion gives no reason for such ruling. We further point out that appellee admits the transcript was not filed within the ninety (90) day period and no extension of time was asked within the time in which an appeal must be filed. Rule 2-2 of this Court provides that the transcript of the record must be filed "within ninety (90) days from the date of the judgment or ruling on the motion for new trial (whichever is later) ..." Rule 2-2 further provides: *"If within the time for filing the assignment of errors and transcript,* as above provided, it is made to appear by affidavit to the Court" (our emphasis) after notice to opposing parties and that notwithstanding due diligence, "it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, . . ." the court

on appeal may in its discretion grant a reasonable time within which to file the appeal. It will be noted that a petition for extension of time must be filed *before* the deadline for filing the appeal has expired. It will be noted further that a showing of due diligence must also be made. In this case no petition for extension of time was filed within the period required. However, after the expiration of the period within which the appeal could be taken, the appellant did file a petition for an extension of time, setting up by affidavit what appellant states to be in her brief "the accident and excusable mistake of counsel" in making the calculations as to the running of the time.

The Appellate Court, in sustaining a petition for extension of time filed too late and in overruling a motion to dismiss because the appeal was not filed within the time specified in Rule 2-2, has overruled a ruling precedent of this Court. There are innumerable cases holding that failure to make a proper calculation of the time, a mistake therein, or even neglect, is not grounds for entertaining a petition for an extension of time after the time within which such a petition may be filed has expired.

> "It is well established that miscalculations and mistakes on the part of the attorney are not sufficient grounds for a belated appeal. *Barker* v. *State, supra; Deckard* v. *State, supra.* Were it otherwise, the time limitation of Rule 2-2 of the Rules of the Supreme Court would be meaningless. Appellant in the present case bases his petition on a mistake and miscalculation by his trial counsel and reliance thereon by his appellate attorney." *Johnson* v. *State* (1966), 247 Ind. 263, 265, 215 N. E. 2d 38, 39.

In *Brindle* v. *Anglin* (1965), 246 Ind. 601, 206 N. E. 2d 476, the Appellate Court attempted to grant a second extension of time to file the transcript and assignment of errors when the second extension of time was filed thirteen

(13) days after the previously granted extension of time. This Court accepted transfer from the Appellate Court, as in this case, and stated at pp. 602 and 603:

> "However, as above noted, the Appellate Court in its opinion failed to consider this substantial issue, and considered the case solely upon the merits, by which procedure it contravened the ruling precedent of this court to the effect that the timely filing of a transcript and assignment of errors is jurisdictional."

To the same effect see:

*Barker* v. *State* (1961), 242 Ind. 5, 175 N. E. 2d 353; *Deckard* v. *State* (1961), 241 Ind. 338, 170 N. E. 2d 424; *Bowers et al.* v. *Thornburg et al.* (1961), 242 Ind. 272, 177 N. E. 2d 665; *Meier, etc.* v. *Soc. Sec. Adm. et al.* (1958), 237 Ind. 421, 146 N. E. 2d 239; *Higginson* v. *State* (1957), 237 Ind. 256, 142 N. E. 2d 435; *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; *Taylor et al.* v. *Meskimen et al.* (1955), 234 Ind. 485, 128 N. E. 2d 872.

A mistake or miscalculation of time by counsel who have a responsibility to perfect an appeal as grounds for disregarding time limitations definitely fixed by rules of this Court would open a "Pandora's Box" of excuses and uncertainties with which this Court would have to contend in all future cases. We may not disregard our own rules. Counsel in too many instances permit the running of time to within a few days before they attempt to secure permission for an extension thereof, and thus make possible mistakes and miscalculations, when such risks could be avoided by not delaying a petition until the last few days before the time limitations.

> "The rules of this Court have the force and effect of law and are binding upon the courts of review as well as the parties."

*State ex rel. Spelde* v. *Minker, Trustee, etc.* (1963), 244 Ind. 421, 422, 192 N. E. 2d 365.

This case is transferred to the Supreme Court and the appeal is dismissed.

DeBruler, C. J., concurs in result.

Hunter, Jackson and Givan, JJ., concur.

NOTE.—Reported in 245 N. E. 2d 331.