NELSON ET AL. *v*. HALEY.

[No. 28,984. Filed April 28, 1953. Rehearing denied May 28, 1953.]

---

4. Rules 2-6 as amended Nov. 30, 1949.

316

*Ralph B. Gregg* and *Edward J. Fillenwarth,* both of Indianapolis and *Gregg, Fillion, Fillenwarth and Hughes,* of Indianapolis, for appellant.

*Edward Grimes,* of Indianapolis, *Robert Harding,* of Crawfordsville, *John K. Ruckelshaus* and *Ruckelshaus, Reilly, Rhetts & O'Connor,* all of Indianapolis, for appellee.

FLANAGAN, J.—This action was brought by appellee, John W. Haley, for personal injuries alleged to have resulted from an assault and battery upon him by appellant, Alphonso Nelson (also referred to as Alfonso), while said Nelson was serving as agent and organizer for the Laundry Workers International Union. Trial to the court resulted in finding and judgment for said appellee in the sum of $5,000.

Appellant Nelson claims that he was not properly served with summons, and therefore his plea in abatement alleging such fact should have been sustained. The return to the summons shows that it was served on October 25, 1945, by leaving a true copy of the same at his "last and usual place of residence," 4129 Cornelius Avenue, Indianapolis, Indiana. Nelson claims he did not live at such address on the day of service.

There is evidence that said appellant maintained a home in Chicago, and stayed at the Indianapolis address only from January to July, 1945. But there is also

evidence that on October 23, 1945, only two days before the service, Nelson, himself, testified in Marion Criminal Court that his residence at that time was 4129 Cornelius Avenue, Indianapolis, Indiana, and that he had stayed there the night before. We think this evidence sufficiently supported the finding of the court that on the date of service 4129 Cornelius Avenue, Indianapolis, Indiana, was Nelson's last and usual place of residence.

Appellant, Harold R. Mitten, claims error in overruling his plea in abatement. His plea in abatement merely alleges that he was not a representative of the involved Unions. Inasmuch as the complaint specifically alleges that he was such representative, his remedy was by answer on the merits traversing that allegation, and not by plea in abatement. *Michigan Cent. R. R. Co.* v. *Spindler, Admr.* (1937), 211 Ind. 94, 5 N. E. 2d 632.

Appellant Nelson also contends that the action is strictly against defendant as a class and not against him individually. He presents this contention in several different ways. When the complaint is read in its entirety, it clearly charges Nelson as an individual with the alleged assault and battery, and seeks also to recover from the Union members upon the theory that he was acting on their behalf.

There is ample evidence to sustain the finding that Nelson did commit the assault and battery.

Appellants say there is no evidence of any actual participation in, or authorization of, his acts, or ratification of his acts, after actual knowledge thereof, by any officer or member of the Union, and therefore §40-506, Burns' 1952 Replacement, Acts 1933, ch. 12, §6, p. 28, is applicable. This statute reads as follows:

"No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court of the State of Indiana for the unlawful acts of individual officers, members or agents, except upon clear proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof."

However, appellee asserts that this provision is unconstitutional because its subject matter is not embraced in the title of the act of which it is a part. Section 19 of Article 4 of the Constitution of Indiana provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.

The title to the involved act reads as follows:

"An Act defining and limiting the jurisdiction of the courts of this state in the issuance of restraining orders and injunctions in cases involving or growing out of labor disputes and declaring the public policy of the state in relation thereto, providing that certain promises, agreements and contracts shall afford no basis for the granting of legal or equitable relief by the courts of this state and prescribing the procedure in cases of contempt of court."

The subject embraced in this title is clearly that of restraining orders and injunctions growing out of labor disputes, and the title is limited to that subject. Damages for assault and battery is not properly connected with that subject and is not directly or indirectly referred to in this title. Where titles are limited, provisions of the act not within the limitation are void. *State ex rel. Milligan* v. *Ritter's Estate* (1943), 221 Ind. 456, 48 N. E. 2d 993.

Alphonso Nelson was made a defendant individually and also "as representative of Laundry Workers International Union and its members, agents and employees, too numerous to name," both in the caption and the body of the complaint. Two other persons were sued in like representative capacity. Appellants say that in order to meet the requirements of a class action it was ncessary to state that the named representatives were members of the Union. We know of no such requirement. The statute, §2-220, Burns' 1946 Replacement, provides that "when the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." In other words, one shall be the *representative* of the rest. We find nothing wrong in the wording of this allegation. If appellants desired to know the capacity of the representation, the remedy was a motion to make more specific. If appellants denied the representation, the remedy was to traverse the allegation.

It is further asserted by appellants that the named representatives were not sued as representatives of the members, agents, or employees of the Laundry Workers International Union. In this they are in error. Rhetorical paragraph five of the complaint reads as follows:

"5. That the defendants, Harold R. Mitten, Samuel J. Byers, Alfonso Nelson, Eugene E. James, and each of them, are representative of all members, agents and employees of the Local Unions affiliated with the Laundry Workers International Union, and are representative of the defendant, Laundry Workers International Union; that the members, agents, and employees of said Local Unions are too numerous to name and set out here-

in, and that the Local Unions affiliated with Laundry Workers International Union are too numerous to name and set out herein; that the plaintiff brings this action as a class action and names said Harold R. Mitten, Samuel J. Byers, Alfonso Nelson and Eugene E. James, and each of them, as representatives of the members of all defendant Unions named herein."

Appellants say that it is nevertheless a fact that in the summons and in the caption of the complaint the individuals referred to above, Nelson et al., were named each "as representative of Laundry Workers International Union," and not as "representative of the members, agents and employees of Laundry Workers International Union." The complaint alleges, and appellants concede, that the above-named Union is an unincorporated voluntary association of individuals. It necessarily follows that the naming of the Union, in fact, means its members. We agree with appellants that the agents and employees of the Union were never properly made parties to this suit, and the judgment will be set aside as to them.

Appellants next contend that there is no evidence that any of the individuals named in a representative capacity, Nelson, Byers, or Mitten, were members of the Laundry Workers International Union. It is not necessary that we decide whether membership was a requisite. It is sufficient to say that if membership was a requisite, there is ample proof of membership. For example, the evidence shows Byers to have been president of the Laundry Workers International Union, and a member of the Cleveland Local, on the day the alleged assault and battery took place. The evidence further shows that the Laundry Workers International Union was a "super autonomous group made up of

locals." This evidence alone is sufficient on which to base a finding that the class was represented by a member.

Next, appellants contend that there is no evidence to charge any one but Nelson individually with the alleged assault and battery. With this contention we cannot agree. The testimony is voluminous and the exhibits numerous and long. No good purpose would be served by attempting to set forth the evidence here. However, we have examined it carefully and find that there is ample to show that Nelson, in committing the act charged, was acting within the scope of his authority as agent of the Laundry Workers International Union and of Byers and Mitten.

Finally, appellants say that the court erred in permitting the introduction of the evidence given by the defendant Byers on the plea in abatement. Appellants point to no harm which resulted from the introduction of former evidence of one of their own, and we fail to find any.

The judgment as to the "agents and employees of Laundry Workers International Union" is set aside; otherwise the judgment is affirmed.

### ON PETITION FOR REHEARING.

FLANAGAN, J.—Appellants have filed a petition for rehearing.

Attention is called to an error of statement in our original opinion, and we make correction. We stated that at the time of the assault and battery involved Samuel J. Byers was President of the Laundry Workers International Union. This statement was not correct. At that time he was Secretary-Treasurer. He was not elected President until several months later.

This change in the factual situation has nothing to do with the conclusion reached.

Other errors urged for rehearing were fully considered in our original opinion, and we find no reason to decide them differently.

Petition for rehearing is denied.

NOTE.—Reported in 111 N. E. 2d 812.

Rehearing denied 112 N. E. 2d 442.