CITY OF INDIANAPOLIS *v.* HOFFMAN ET AL.

[No. 30,780. Filed February 3, 1966. Rehearing denied March 3, 1966.]

*James W. Beatty, John F. McCann, Chalmer Schlosser,* and *Albert W. Ewbank,* of Indianapolis, for appellee.

*Richard C. Johnson,* and *Quinn, Howard & Clark,* of Indianapolis, for appellees.

JACKSON, J.—Appellant instituted this action in the court below for the appropriation of certain real estate, situate in Marion County, State of Indiana, which it was alleged was necessary for appellant to acquire for and on behalf of its Weir Cook Municipal Airport and its Board of Aviation Commissioners. The real estate in question being specifically described in the complaint.

Process was duly issued and served on the defendant appellees. In due course, and after appearance by appellees by counsel, the court entered its order appointing appraisers; thereafter, the appraisers made their report, in substance fixing appellees' damage at $17,500.00.

Thereafter, and in time, appellees, James R. Hoffman and Jean A. Hoffman filed exceptions to the report of the appraisers on the following grounds:

"1. The award of the appraisers is too low.

"2. That the value of the land appropriated for the Board of Aviation Commissioners and its Municipal Airport purposes, as fixed by the appraisers, is too low.

"3. That the award of the appraisers as to the damages to the residue of the lands other than the lands appropriated and taken, is too low.

"4. That the award of the appraisers as to the damages which will result to defendants from the construction of the improvement in the manner proposed by plaintiff is too low."

Appellant filed exceptions to the appraisers' report on the theory that the valuation of the real estate was excessive, the valuation of the improvements excessive and that the fair market value of the property and damages fixed by said appraisers was excessive.

The court accepted the appraisal on July 28, 1960, and fixed the appraisers fees to be taxed as costs. August 29, 1960, plaintiff-appellant paid to the Marion County Clerk the said sum of $17,500.00, and on June 14, 1961, filed its affidavit and petition seeking an order for immediate possession of the premises. Notice on said petition was given, fixing the hearing thereof on June 21, 1961, at 9:30 a.m. On the hearing appellees Hoffmans were ordered to deliver possession of the real estate condemned to appellant not later than July 21, 1961. Certain proceedings were then had with reference to the cause that need not be here considered, and finally the cause was set for trial, and trial began before a jury on December 8, 1964. Appellee, Union Federal Savings and Loan Association of Indianapolis, filed its disclaimer, and the trial concluded on December 11, 1964.

Thereafter, on January 19, 1965, the court entered final judgment "that Defendants, James R. Hoffman and Jean A. Hoffman have and recover from Plaintiff the sum of Twenty Thousand Dollars ($20,000.00) in full compensation of damages sustained by them on account of the appropriation of said real estate and improvements hereinafter described, and interest in the amount of Three Thousand Twenty-three Dollars ($3,023.00) on said sum of Twenty Thousand Dollars ($20,000.00) and. . . ."

The court, by its judgment, vested title in fee in appellant to "Lot No. 105 (One Hundred and Five), in Little Ranches,

an addition to the City of Indianapolis, the plat of which is recorded in Plat Book No. 25 page 255, in the office of the Recorder of City of Indianapolis, County of Marion, Indiana."

On February 16, 1965, plaintiff-appellant filed its Motion to Change and Amend Final Judgment. The crux of the motion being fairly stated as follows: "The record further discloses that on June 18, 1962, the Defendants withdrew from the Marion County Clerk the sum of $17,500.00 which sum had previously been deposited with the Marion County Clerk as the amount of damages fixed by the appraisers heretofore appointed. The Defendants are not entitled to any award of interest except upon the excess sum of $2,500.00, being the difference between the amount of the jury verdict and the amount previously paid to Defendants."

On February 17, 1965, the defendants filed a Motion to Strike, said motion to Change and Amend which is in the following words and figures:

"Come now the Defendants in the above entitled cause and move the Court to strike from the files a paper purporting to be a Motion to Change and Amend Final Judgment on behalf of the Plaintiff, which paper purports to have been filed by the Clerk of the Court on February 16, 1965, and also for a further Order expunging from the Order Book of this Court the order book entry showing the filing of said pretended Motion to Change and Amend Final Judgment on February 16, 1965, and in support of said Motion would respectfully show the Court that this Cause was tried in this Court before the Judge therein and the Jury and the verdict of the Jury was rendered on December 11, 1964; (Order Book 1131 pp. 531-2).

"That on January 19, 1965, this Court assessed interest at Three Thousand Twenty-three ($3,023.00) Dollars, which sum was added to the amount of the Jury verdict heretofore entered, (Order Book 1136 pp. 500-02). That said pretended Motion to Change and Amend Final Judgment was filed by said Plaintiff on February 16, 1965, and was not filed within thirty (30) days from the time that the verdict was rendered. That the judgment of the Jury was that the interest on the damages be computed by the Court.

"WHEREFORE, Defendants pray that said pretended Motion to Change and Amend Final Judgment be stricken from the files and said entry of the filing of said pretended Motion to Change and Amend Final Judgment be expunged from the records, and for all other proper relief in the premises."

On February 18, 1965, the court sustained defendant-appellees' motion, and ordered plaintiffs' Motion to Change and Amend Final Judgment stricken from the files.

On May 19, 1965, appellant filed its transcript and assignment of errors herein. Appellant's praecipe was filed March 3, 1965, and an amended praecipe to include a partial bill of exceptions was filed May 14, 1965. June 17, 1965, appellant filed its brief herein.

July 9, 1965, appellees filed their motion to dismiss this appeal or in the alternative to affirm the judgment below, with supporting brief, and concurrently therewith requested an extension of time to file their brief to and including 30 days after the ruling on the motion to dismiss.

Only one question need be considered in the case at bar, and that is did the motion, "Motion to Change and Amend Final Judgment" extend the time for perfecting the appeal. The most recent ruling on this point was made in *Dawson et al* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 630, 631, 129 N. E. 2d 796, in which this Court said:

"... Motions to modify a judgment or in arrest of judgment or to reconsider the ruling or a motion to vacate a judgment do not extend the time for perfecting appeal. *Bachelder* v. *Parker* (1947), 118 Ind. App. 66, 74 N. E. 2d 926; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102; *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 28 N. E. 2d 961. The case of *Pittsburgh, etc. R. Co.* v. *Kearns* (1920), 191 Ind. 1, 128 N. E. 42, on extending time for appeal, must be considered overruled."

Since a motion to change and amend final judgment is, as a matter of law, a motion to modify, then we conclude there is no basis to extend the time in which an appeal must be per-

fected beyond the 90 days contemplated by Rule 2-2. Furthermore, since this Court holds that Rule 2-2 is jurisdictional in nature, failure to file within the prescribed time does not allow this court to affirm the judgment but must dismiss the appeal. *Dawson et al.* v. *Wright, Mayor, etc. et al.* (1955), 234 Ind. 626, 632, 129 N. E. 2d 796, and authority cited therein.

The appeal is dismissed.

Myers, C. J. and Arterburn, J., concur. Rakestraw and Achor, JJ., not participating.

NOTE.—Reported in 215 N. E. 2d 700.