INDIANA PERSONNEL BOARD v. PARKMAN.

[No. 20,675. Filed February 8, 1967. Opinion on Merits Filed February 19, 1968. Rehearing denied March 19, 1968. Petition to Transfer granted, April 8, 1968. Reversed by Supreme Court March 12, 1969. See 245 N. E. 2d 153.]

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Deputy Attorney General, both for appellant.

*Isadore D. Rosenfeld,* of South Bend, and *Alvin D. Blieden,* of Michigan City, for appellee.

BIERLY, J.—1. The Appellant, on November 21, 1966, filed a Petition for Time to File Transcript and Assignment of Errors. Affidavit of mailing was filed.

2. Appellant, on November 21, 1966, was granted time to and including February 14, 1966, to file Transcript and Assignment of Errors.

3. Appellee, on November 28, 1966, filed a Motion to Dismiss Appeal. Notice given, and Brief in Support of said motion filed.

4. Appellant filed Brief in Response to Motion to Dismiss on December 1, 1966. Affidavit of mailing filed.

5. Appellee filed, on December 6, 1966, a Reply Brief to Appellant's Brief in Response to Motion to Dismiss.

6. Appellant, by counsel, on January 18, 1967, filed "Additional Authorities to Response to Motion to Dismiss," which additional authorities to motion to dismiss are in the following words and figures, to wit:

"Appellant, by counsel, urges the court consider the additional authorities which dispose of appellee's Motion to Dismiss Act 1965, Ch. 374, § 1, p. 1164, Burns' IND. STAT. ANN. § 49-1937, providing:

" 'Whenever any such action, counter-claim, petition or cross-complaint is filed in any court in this state in which

the state of Indiana or any board, bureau, commission, department, division, agency or officer or employee in his capacity as an employee of the state of Indiana is a party and the attorney-general is required or authorized to appear or defend, or when the attorney-general is entitled to be heard, a copy of the complaint, cross-complaint, petition, bill or pleading shall be served on the attorney-general, and such action, cross-action or proceeding shall not be deemed to be commenced as to the state or any such board, bureau, commission, department, division, agency or officer or employee in his capacity as an employee of the state of Indiana until such service. Whenever the attorney-general has appeared in any suit, action or proceeding, copies of all motions, demurrers, petitions and pleadings filed therein shall be served upon the attorney-general by the party filing the same; Provided, further, *That the Clerk of the Court shall cause to be served upon the attorney-general a copy of the ruling made by the court upon such motions, demurrers, petitions and pleadings, and such ruling shall not be deemed effective in any manner as against the attorney-general or as against the state of Indiana or any board, bureau, commission, department, division, agency, or officers or employee in his capacity as an employee of the state of Indiana unless and until said copy shall be served upon the attorney-general or any deputy attorney-general as provided in section 2 of this act: Provided, further, That in any action in which the attorney-general is required or authorized to appear or defend or entitled to be heard, in which action some matter or thing occurs upon which occurrence time begins to run, the running of such time shall be superseded as to the attorney-general until such service is had upon the attorney-general or any deputy attorney-general as provided in section 2 of this act:* Provided, further, That whenever any claim filed for and on behalf of the state of Indiana or any board, bureau, commission, department, division, agency, officer or institution of the state of Indiana in any estate or guardianship pending in any court having probated jurisdiction in the state of Indiana is not allowed and the clerk of the court, administrator, administratrix, executor, executrix or guardian transfers such claim to the trial docket said claim shall not be disposed of nor shall any disposition made of such claim be deemed to be a final adjudication unless and until due notice of the trial date of such claim shall be served on the attorney-general or any deputy attorney-general as provided in section 2 of this act

at least ten [10] days prior to the date set for trial of said claim.'

" 'SEC. 2. Whereas an emergency exists for the immediate taking effect of this act, the same shall be in full force and effect from and after its passage.' (Emphasis added.)

"Acts 1945, ch. 3, § 2, 7, Burns' Ind. STAT. Ann. § 49-1938, providing:

" 'Whenever service on the attorney-general is required by this act such service may be made by handing it to the attorney-general or any deputy attorney-general or by mailing the same to the attorney-general by registered mail return receipt requested.'

"Since the clerk of the Superior Court never caused a copy of the court's ruling on the motion for new trial to be served on the attorney general as required by Burns' § 49-1937, nor was there service by handing a copy to 'the attorney-general or any deputy attorney-general or by mailing the same to the attorney-general by registered mail receipt requested,' appellant's appeal was not filed late and appellee's motion to dismiss should be overruled.

Respectfully submitted,

JOHN J. DILLON
Attorney General of Indiana

*(Signed) Douglas B. McFadden*
Deputy Attorney General

Attorneys for Appellant"

Proof of Service was filed on said date of January 18, 1967.

Appellee, Ira Parkman, filed an action in the Marion Superior Court, No. 1, to review the decision of the Indiana State Personnel Board upholding the discharge for cause of the said Parkman as Administrator of the Hospital at the Indiana State Prison.

Appellant, thereupon, filed a Petition for Prohibition in the Supreme Court which petition was denied. Thence, the Marion

Superior Court No. 1, reassumed jurisdiction of the cause, notwithstanding objections by the appellant, and held a trial de novo as authorized by § 60-1350, Burns' IND. STAT. ANN., 1961 Repl. The court rendered its decision and judgment on August 5, 1966, finding and decreeing that Parkman was dismissed without cause; that he be reinstated as Hospital Administrator of the Indiana State Prison, and that Parkman be reimbursed for all salary and wages from the date of April 10, 1964.

On the 15th day of August, 1966, appellant filed a motion for a new trial which was overruled on the 17th day of August, 1966. On August 18, 1966, the clerk of the Marion Superior Court, No. 1, mailed by U. S. Mail, a postcard notifying appellant of the action of the court in overruling its motion for a new trial. A copy of said postcard is as follows:

MARION SUPERIOR COURT, ROOM 1

Date: Aug. 18, 1966

RE: CAUSE NO. S 165-142, Ira Parkman

VS. Indiana State Personnel Board

Deft's Motion for New Trial, fi. 8-15-66

O/R

Edwin McClure, Clerk          Charles C. Daughtery, Judge

Appellant appealed the decision and judgment of the court in overruling the motion for a new trial.

Were this court to consider the mailing of a postcard by the clerk of the Marion Superior Court, No. 1, in overruling of defendant's Motion for a New Trial filed August 15, 1966, or should a notice of such act of the court have been unnecessary as alleged by plaintiff-appellee in his brief in support of the Motion to Dismiss, we would have no alternative but

to conclude that this court had jurisdiction of the subject matter, the parties to this action, and that said appeal should be dismissed by virtue of Rule 2-2 of the Rules of the Supreme Court.

But we are of the opinion that said notice by postcard was defective and that plaintiff-appellee was charged with giving notice to the attorney-general of the overruling of defendant-appellant's motion for a new trial as prescribed by Burns' § 49-1938, *supra,* as heretofore quoted and again quoted as follows:

> "Whenever service on the attorney-general is required by this act such service may be made by handing it to the attorney-general or any deputy attorney-general or by mailing the same to the attorney-general by registered mail return receipt requested."

The court now finds that time did not begin to run as against defendant-appellant from the date of the overruling of defendant-appellant's Motion for a New Trial.

The court further finds that appellant's petition for time within which to file the transcript and assignment of errors was prematurely filed on November 21, 1966, as well as the granting of said petition on said date.

The court further finds that appellee's Motion to Dismiss the appeal was prematurely filed on November 28, 1966.

The court further finds that the entries made in this cause under dates to wit: November 21, 1966, November 28, 1966, should be stricken from the record and that the clerk of the court should be so directed.

The court further finds that the defendant-appellant by filing on January 18, 1967, of "Appellant's Additional Authorities to Response to Motion to Dismiss" has chargeable knowledge of the overruling of defendant-appellant's Motion for a New Trial, and that time should begin to run as to said defendant-appellant from the date of January 18, 1967.

IT IS NOW ORDERED AND DECREED by the court that time does not begin to run as against the defendant-appellant at the date of the overruling of defendant-appellant's Motion for a New Trial.

IT IS FURTHER ORDERED AND DECREED by the court that defendant-appellant's Petition for Time within which to File Transcript and Assignment of Errors was prematurely filed on November 21, 1966, as also was the granting of said petition by the court on the same date.

IT IS FURTHER ORDERED AND DECREED by the court that appellee's Motion to Dismiss the appeal was prematurely filed on said date of November 28, 1966.

IT IS FURTHER ORDERED AND DECREED by the court that entries made in this cause on November 21, 1966, and November 28, 1966, be stricken from the record and the clerk of this court is hereby directed to strike such entries from the docket.

IT IS FURTHER ORDERED AND DECREED by the court that on said date of January 18, 1967, at the time of the filing of appellant's "Additional Authorities to Response to Motion to Dismiss," the defendant attorney-general of the state of Indiana shall be considered as chargeable with the knowledge that the Marion Superior Court, No. 1, had overruled defendant's Motion for New Trial.

And the court, on its own motion, grants defendant-appellant ninety [90] days time within which to file transcript and assignment of errors in this cause, and time shall run from the date of January 18, 1967.

Cooper, C. J., concurs.

Pfaff, P. J., dissents with opinion to follow.

Carson, J., Cook, J., Faulconer, J., Prime, J., and Smith, J., concur.

### DISSENTING OPINION.

PFAFF, P. J.—The appellee herein has filed his motion to dismiss this appeal by virtue of Supreme Court Rule 2-2. The

appellee filed an action in Marion Superior Court No. 1 to review the decision of the Indiana State Personnel Board upholding the discharge for cause of the said Parkman as Administrator of the Hospital at the Indiana State Prison.

Appellant, thereupon, filed a Petition for Prohibition in the Supreme Court which petition was denied. Thence the Marion Superior Court No. 1, reassumed jurisdiction of the cause, notwithstanding objections by the appellant, and held a trial de novo as authorized by § 60-1350 Burns' Ind. Stat. Anno., 1961 Replacement. The court rendered its decision and judgement on August 5, 1966, finding and decreeing that Parkman was dismissed without cause; that he be reinstated as Hospital Administrator of the Indiana State Prison, and that Parkman be reimbursed for all salary and wages from the date of April 10, 1964.

On the 15th day of August, 1966, appellant filed a motion for a new trial which was overruled on the 17th day of August, 1966. On August 18, 1966, the clerk of the Marion Superior Court No. 1, mailed by U. S. Mail, a postcard notifying appellant of the action of the court in overruling its motion for a new trial. A copy of said postcard is as follows:

"MARION SUPERIOR COURT, ROOM 1

Date: Aug. 18, 1966

Re: CAUSE NO. S 165-142, Ira Parkman

VS. Indiana State Personnel Board

Deft's Motion for New Trial, fi. 8-15-66

O/R

Edwin McClure, Clerk          Charles C. Daugherty, Judge"

Which card was received by the attorney-general in due course of regular mailing as indicated by the appellant's petition.

On November 21, 1966, more than ninety days having expired since the trial court overruled appellant's motion for new trial, said ninety days having lapsed on the 16th day of November, 1966, appellant filed its petition to file transcript and assignment of errors. The appellant in its petition alleges that on August 18, 1966, it received a postcard, which postcard was previously set out herein. The appellant further alleges in its petition "that counsel for appellant did not understand said postal card with 'O/R' to indicate a ruling on said motion for new trial but treated such lettering as code for the trial judge's secretary or clerk."

The appellant further alleges that it was not aware of the court's ruling on the motion for new trial until the record of this cause was checked in the clerk's office of the Marion Superior Court No. 1 on November 18, 1966.

Said court on November 21, 1966, granted the appellant an extension of time to February 14, 1967, to file transcript and assignment of errors, which action was taken prior to the appellee's having received notice of such petition. Thereupon the appellee filed its motion to dismiss with brief in support thereof, and the appellant filed its brief in response and the appellee filed its reply brief. Subsequently, the appellant filed its additional authorities. Said additional authorities being Acts of 1965, ch. 374, § 1, p. 1164, Burns' Ind. Stat. Anno. § 49-1937 and Acts of 1945, ch. 3, § 2, p. 7, Burns' Ind. Stat. Anno. § 49-1938. The appellee has filed no brief in response to the additional authorities since the rules of the Supreme Court do not provide for such brief.

There can be no question that the failure to file the transcript of record and the assignment of errors within the time limited by law or the rules of the Supreme Court is jurisdictional unless the time is extended by this court prior to the expiration of said time, and an appeal may be dismissed as time of filing is jurisdictional. See *Schilling* v. *Ritter* (1963), 134 Ind. App. 168, 186 N.E. 2d 887; *Billhymer* v. *Peerless*

*Corp.* (1965), 138 Ind. App. 174, 212 N. E. 2d 403; *City of Indianapolis* v. *Hoffman* (1966), 247 Ind. 228, 213 N. E. 2d 700; *Tourkow Administrator* v. *Hoover* (1952), 122 Ind. App. 676, 108 N. E. 2d 195; *Andrews* v. *City of Richmond* (1960), 131 Ind. App. 382, 170 N. E. 2d 826.

However, the question arises if in this case the provision of notice as required by §§ 49-1937 and 49-1938, *supra,* authorizes the granting of additional time to the appellant since it is conceded that the notice sent by the clerk of the Marion Superior Court No. 1 was not sent by registered mail and return receipt requested. The provision of § 49-1937, *supra,* has never been construed by this court or by the Supreme Court. Therefore, it becomes incumbent to construe §§ 49-1937 and 49-1938, *supra,* as applicable herein.

Burns' § 49-1937, *supra,* provides as follows:

". . . the clerk of the court shall cause to be served upon the attorney-general a copy of the ruling made by the court upon such motions, demurrers, petitions and pleadings, and such ruling shall not be deemed effective in any manner as against the attorney-general or as against the state of Indiana or any board, bureau, commission, department, division, agency or officer or employee in his capacity as an employee of the state of Indiana unless and until said copy shall be served upon the attorney-general or any deputy attorney-general as provided in section 2 [§ 49-1938] of this act: Provided, further, That in any action in which the attorney-general is required or authorized to appear or defend or entitled to be heard, in which action some matter or thing occurs upon which occurrence time begins to run, the running of such time shall be superseded as to the attorney-general until such service is had upon the attorney-general or any deputy attorney-general as provided in section 2 [§ 49-1938] of this act: . . ."

It is common knowledge that the attorney-general by the laws of this state is required to appear in various and diverse proceedings throughout the various counties of this state and therefore, unless the attorney-general is given notice, he may be placed under distinct handicap in litigation,

especially where opposed counsel is from the same county. Salutary as this reasoning may be, neither should the attorney-general nor the opposing counsel be placed under any unreasonable handicaps.

The Acts of 1965, ch. 374, § 1, p. 1164, being Burns' Ind. Stat. Annotated is an amendment of the Acts of 1945. The title to the Acts of 1945 reads as follows:

"An act requiring service of copies of complaints, cross-complaints, petitions, demurrers, motions, pleadings, and notice of trial dates on the attorney-general in certain cases."

The title to the Amendatory Act of 1965 reads as follows:

"An act to amend an act entitled 'An act requiring service of copies of complaints, cross-complaints, petitions, demurrers, motions and pleadings on the attorney-general in certain cases and declaring an emergency' Approved February 1, 1945, the same being Chapter 3 of the Acts of 1945."

As it will be observed the Acts of 1945 make reference to certain specfic items, and the title to the Acts of 1965 does not enlarge these items. No reference is made in the title to the service of notice of rulings in any cause.

The Indiana Constitution, Art 4, § 19, provides as follows:

"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The Supreme Court of Indiana has held that an act or amendment to an act can not be broader than the title of the act. *State ex-rel Pennsylvania Railroad Company et al.* v. *Iroquois Conservancy District Court, et al.* (1955), 235 Ind. 353, 133 N. E. 2d 848; *Smith* v. *State* 1924, 194 Ind. 686, 144

N. E. 471; *Nelson et al.* v. *Haley* (1953), 232 Ind. 314, 111 N. E. 2d 812; *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180; *Powell* v. *State* (1923), 193 Ind. 258, 139 N. E. 670.

Whenever this court can avoid determining the constitutionality of an act it will do so.

It was admitted by all parties that the clerk of the trial court did mail notice and that the appellant did receive it. Does the fact that said notice was not sent by registered mail as required by § 49-1938, *supra,* change the picture? The only purpose for registered mail is, in case of question or dispute, said receipt will furnish proof of mailing and receipt of said article. The fact that the notice was not sent by registered mail does not make it any more valid or invalid than had it been sent by registered mail. The only question being —did the appellant receive the notice, and to this the appellant admits. To this argument, the appellant contends that it did not know that the "O/R" meant overruled, but it alleges in its petition that it understood and treated such writing as code for the trial judge's secretary or clerk. It is hard to believe that the attorney-general's office, or any attorney could not understand this card that was received as meaning that the defendant's motion for new trial, filed August 15, 1966, was overruled, and to assume that this was intended as a code for the trial secretary or clerk imputes ignorance to the attorney-general which I am not prepared to do. I further can not find that this was a mistake in fact.

It appears that the appellant having failed to perfect its appeal pursuant to Indiana Supreme Court Rule 2-2, this court is without jurisdiction to hear this attempted appeal. Therefore, the motion of the appellee to dismiss should be granted and the cause ordered dismissed.

NOTE.—Reported in 223 N. E. 2d 352.