STATE EX REL. PEARCY v. CRIMINAL COURT OF
MARION COUNTY, DIVISION ONE ET AL.

[No. 971S276. Filed September 24, 1971.]

*Noble R. Pearcy,* Prosecuting Attorney, *John Barney, Jr., David Hughes,* Deputies, for relator.

*Robert E. Hughes,* for respondent.

### WRIT OF MANDATE

Comes now the Relator in the above-entitled cause and files his verified Petition For Writ Of Prohibition, which verified Petition is in the words and figures as follows to-wit: (H.I.) ; and the Relator further files and submits his certain Motion To Amend Petition For Writ Of Prohibition, asking that his said Petition be amended by interlineation so that the same be entitled and considered by this Court as a Petition For Alternative Writ of Mandate or Prohibition, which motion is in the words and figures as follows, to-wit: (H.I.) ; The motion to amend is granted.

And this cause having been set for hearing and determination by the Court on the 20th day of September, 1971, at 2:00 o'clock, P.M., with due notice given of the filing of said Petition and of the time and date of the said hearing thereon, and the Respondents having failed to appear are now defaulted.

And the Court having examined said verified Petition and being duly advised in the premises now finds that the Relator's allegations that a great emergency exists for the granting of this Writ, that the granting of this Writ is a manifest necessity, and that said emergency and necessity exist throughout the State of Indiana, are true; and the Court further finds that an absolute writ of mandate rather than an alternative writ should issue.

IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT that the Respondent Criminal Court of Marion

County, Division One, and the Hon. John T. Davis, Judge of said Court, be and said Respondents are mandated as follows:

(1)    The motion of the Defendant, Anthony David Newman, in Cause No. Cr 71-1063, to be sentenced in said cause pursuant to the certain provisions of Public Law No. 155, Acts of 1971, set out hereinbelow, shall be overruled by said Respondents, and the order of said Court dated September 8, 1971, granting said Motion, shall be vacated and set aside.

(2)    The Respondents shall sentence the said defendant, Anthony David Newman, in said cause under and pursuant to the existing provisions of the statutes of the State of Indiana defining the crime with which he is charged and of which he has been found "guilty," and prescribing the penalty therefor.

(3)    The Respondents shall wholly disregard the following provisions of Public Law No. 155, Acts of 1971, to-wit:

"* * * The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence. Provided, however, that the sentencing court, in the case of conviction for any felony or misdemeanor; shall order that the convicted person be credited with all of his actual time spent in imprisonment prior to trial. Such order shall specify that such convicted person shall be credited with statutory good time diminution of his sentence for time so served prior to imprisonment."

IT IS FURTHER ORDERED AND ADJUDGED that this WRIT of Mandate be and the same hereby is made and declared absolute;

AND IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of this Court is ordered to send at this time a copy of this Writ to the Respondents, to the attorney for said Defendants in Cause No. Cr 71-1063, to West Publishing Company and the Bobbs-Merrill Co., Inc., for publication, to the Reporter of the Supreme and Appellate Courts of Indiana for publication in the next volume of Indiana Reports, to the Prosecuting Attorney of each Judicial Circuit in the State of

Indiana, and to the Judge of each court in the State of Indiana exercising criminal jurisdiction. An opinion will follow.

Dated this 21st day of September, 1971.

NORMAN F. ARTERBURN
Chief Justice

OPINION ON WRIT OF MANDATE

HUNTER, J.—On May 11, 1971, there was filed in the Marion Criminal Court, Division One, an affidavit charging one Anthony David Newman with commission of the crime of First Degree Burglary, which affidavit was docketed in said Court as Cause No. CR 71-1063.

Said defendant, having on May 26, 1971, waived arraignment and entered his plea of Not Guilty to said charge, was on September 2, 1971, tried on said charge by the Honorable John T. Davis, Judge of the Marion Criminal Court, who found said defendant guilty of First Degree Burglary as charged.

On September 8, 1971, said defendant filed with said Court his "Motion to Sentence Under Acts of 1971," requesting that said Court sentence said defendant under the terms of Public Law No. 155 and give the defendant credit against any sentence imposed in said cause for:

(a)  All time served by the defendant in the Marion County Jail from the date of his arrest on said charge of First Degree Burglary to the date of his conviction as aforesaid;

(b)  All time spent out of prison on appeal bond in the event the defendant chose to appeal his said conviction to this Court;

(c)  All time spent out of prison under any suspended sentence prior to any revocation of such suspension of sentence;

(d)  All time spent in detention or confinement commencing with defendant's first juvenile arrest;

(e)  All time spent out of prison since 11-5-70 on a suspended sentence for the Crime of Robbery in Cause No. CR 70-0999 in the Respondent Court;

Also, on September 8, 1971, the Prosecutor of Marion County filed his "Response and Objection in Two Paragraphs to Defendant's Motion to Sentence Under Acts of 1971," alleging that Public Law 155 is unconstitutional, in part. Moreover, on September 8, 1971, Honorable John T. Davis, Judge of Marion Criminal Court, granted the defendant's said Motion and overruled the Prosecutor's objection.

The Prosecuting Attorney of Marion County has now filed in this Court a Petition for Writ of Mandate and served copies of the same upon Honorable John T. Davis, Judge, the Attorney General of the State of Indiana and upon the Attorney for Anthony David Newman.

Under ordinary circumstances, any action to determine the constitutionality of an Act of the General Assembly would normally come before this Court as the subject matter of an appeal, rather than as an original action as filed herein. However, the circumstances here are anything but ordinary—the possible effects of the application of the questioned Act (Public Law No. 155) having a profound immediate effect upon the administration of justice contrary to the interest of the public. Thus, because of such extreme emergency and state-wide import of this problem, jurisdiction has been accepted by this Court for the consideration of the issuance of the Writ of Mandate. See, *State ex rel. Standard Oil Co.,* v. *Review Board of Indiana Employment Security Division* (1951), 230 Ind. 1, 101 N. E. 2d 60; *State ex rel. Beaman* v. *Circuit Court of Pike County* (1951), 229 Ind. 190, 96 N. E. 2d 671.

On September 20, 1971, this mandate action was heard before this Court, said Respondent Judge, said Attorney General and the Attorney for said Anthony David Newman not appearing therein. Notice of Hearing and proof of Service thereof were duly filed by the relator.

It is the contention of the Prosecutor of Marion County that Public Law No. 155 of the Acts of 1971 is unconstitu-

tional, as being violative of Art. 4, Sec. 19 of the Constitution of the State of Indiana, which provides:

"Subject matter and title — Amendments. — Every act, amendatory act or amendment of a code shall *embrace but one subject and matters properly connected therewith;* which subject shall be expressed in the title. But if any subject shall be embraced in an act, amendatory act or amendment of a code, which shall not be expressed in the title, such act, amendatory act of amendment of a code shall be void only as to so much thereof as shall not be expressed in the title. The requirements of this paragraph shall not apply to original enactments of codification of laws.

Every amendatory act and every amendment of a code shall identify the original act or code, as last amended, and the sections or subsections amended shall be set forth and published at full length. The identification required by this paragraph may be made by citation reference." (As amended November 8, 1960). (our emphasis)

It should be noted that the last sentence of the first paragraph of Article 4, Section 19 indicates that this section will not apply to original codifications. The sentence reads as follows:

"The requirements of this paragraph shall not apply to original enactments of codification of laws."

However, the so-called Indiana Code of 1971 is not of the class of codes referred to in that sentence. It is merely a comprehensive compilation of all the existing statutory law of this State in handy reference form, and it cannot run counter to the requirements of Article 4, Section 19 nor any other provision of the Constitution of the State of Indiana. The above sentence has reference to *single subjects* which are enacted from time to time as *"original enactments"* and which contain in a codified form matters properly connected to that single subject. Examples are the Probate Code, the Election Code, the Uniform Commercial Code, etc. Each example has but one "subject." It is the product of a commission study of one general subject, culminating in the proposed enactment of

a particular code containing all the pre-existing laws pertaining to that single subject.

An examination of the Indiana "Code" of 1971 readily reveals that it contains a multitude of widely varying subjects. It cannot be construed as other than an excellent massive compilation of the existing laws. Although there is language contained therein which might be unrealistically and unrestrainedly stretched to reach the conclusion that this assembling and grouping constitutes an original enactment of a code, it is in reality nothing more than an *official* comprehensive compilation of all of the legislative Acts, just as Burn's Annotated Statutes is a similar private compilation of the same laws. However, being the official comprehensive compilation by the Indiana General Assembly itself, the reference thereto by the 1971 session and of subsequent sessions thereof satisfies the requirement of Article 4, Sec. 19, with respect to identifying the original act or code—which "identification * * * may be made by citation reference" thereto. Moreover, the "code" recognizes that each of its provisions is dependent upon some Act of the Indiana General Assembly, for we find continuous reference therein to "Source," and indeed, such dependence necessary to validate re-enactment. Thus, the so-called Code is only a compilation of all the basic Acts of prior sessions not specifically repealed thereby. These Acts in fact still remain as the statutory law unless or until repealed or amended by an Act of the General Assembly which *has a title conforming to the requirements of Article 4, Section 19.* The title of the so-called Indiana Code of 1971 would not meet these requirements if it were to be construed as an "original enactment of a codification" rather than an official comprehensive compilation. We reach such conclusion upon the basis that Article 4, Sec. 19 can only be construed as a whole in order to give force and effect to the purpose of each provision thereof.

Public Law No. 155 is entitled:

"An Act to Amend I.C. 1971, 11-2-1 concerning penal officers, employees, and length of sentences of convicts."

This Act was approved April 16, 1971, and became effective September 3, 1971. The original Act of 1857 was entitled:

"An act to provide for the government and discipline of the state prison."

This Act, which sets the salary (compensation) for a physician, clerk, deputy warden, and a moral instructor in penal institutions, and denotes criminal activity by prison personnel and penalties therefor, also contains the following material, purportedly mandatory upon and directed to the sentencing court:

"The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence. Provided, however, that the sentencing court, in the case of conviction for any felony or misdemeanor; shall order that the convicted person be credited with all of his actual time spent in imprisonment prior to trial. Such order shall be credited with statutory good time diminution of his sentence for time so served prior to imprisonment;"

It is the contention of the Prosecuting Attorney that there is no rational unity existing between the provisions relating to penal institution employees and the provisions mandatory upon the sentencing courts. We are of the opinion that the language in question is not properly connected with the general subject matter of the original act nor with its title, and it is therefore in violation of Art. 4, Section 19 of the Constitution of the State of Indiana, for the reason that it compels courts having criminal jurisdiction to perform certain acts. The title nowhere refers to courts.

Even had we held otherwise under Art. 4, Sec. 19, we are impelled to comment that the meaning of the language em-

ployed in the amendment is vague and uncertain and
■ therefore in violation of Art. 4, Sec. 20[1] of the Consti-
tution of the State of Indiana. Apropos of this position
are the five claims for credit as indicated in defendant's peti-
tion to invoke the questioned provisions of Public Law No.
155 to reduce his sentence.

We therefore hold that a portion of the language of Public
Law No. 155, set forth as follows:

> "The term of service and imprisonment of every convict
> shall commence from the day of his conviction and sentence.
> Provided, however, that the sentencing court, in the case of
> conviction for any felony or misdemeanor; shall order that
> the convicted person be credited with all of his actual time
> spent in imprisonment prior to trial. Such order shall spec-
> ify that such convicted person shall be credited with stat-
> utory good time diminution of his sentence for time so
> served prior to imprisonment;"

is unconstitutional and specifically in violation of Article 4,
Sec. 19 of the Constitution of the State of Indiana. See, *State
ex rel. Indiana Real Estate Commission* v. *Meier* (1963), 244
Ind. 12, 190 N. E. 2d 191; *Nelson et al.* v. *Haley* (1953), 232
Ind. 314, 111 N. E. 2d 812; *State ex rel. Milligan* v. *Ritter's
Estate* (1943), 221 Ind. 456, 48 N. E. 2d 993; *Marion School
Twp., etc.* v. *Smith* (1939), 215 Ind. 586, 21 N. E. 2d 412;
*Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744.

This opinion shall be considered to be an affirmance of our
order issued in this cause September 21, 1971, directed to the
Honorable John T. Davis. Therefore, such order shall stand
as originally issued.

Arterburn, C. J., DeBruler and Givan, JJ., concur; Pren-
tice, J., not participating.

NOTE.—Reported in 274 N. E. 2d 519.

---

1. The Constitution of the State of Indiana, Article 4, Section 20,
reads as follows:
"Plain Wording—Every act and joint resolution shall be plainly
worded, avoiding, as far as practicable, the use of technical terms."