STATE OF INDIANA *v.* LORA TYNER, ET AL.

[No. 671S178. Filed January 4, 1972. Rehearing denied March 6, 1972.]

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for appellant.

*William A. Waddick, Kunz and Kunz,* of Indianapolis, for appellees.

GIVAN, J.—This is an appeal from an eminent domain action filed by appellant against the appellees. Following the trial in the trial court appellant filed a motion to correct errors. On March 11, 1971, the trial court overruled appellant's motion. The clerk of the court entered the ruling on the Order Book and sent postcards by regular mail to the parties. The first cards sent bore an unclear message. A corrected postcard was mailed on March 30, 1971.

On June 18, 1971, appellant filed a verified petition for extension of time within which to file the record in this case with the Clerk of this Court. The appellees opposed this motion for extension of time claiming that more than ninety days had elapsed since the trial court had overruled appellant's motion to correct errors.

It is appellant's contention that the time for filing a record with the Clerk of this Court does not begin to run until notice of the ruling of the trial court is received by the Attorney General of Indiana pursuant to Burns Ind. Stat., 1971 Supp., § 49-1937 and Burns Ind. Stat., 1964 Repl., § 49-1938. Based on this premise appellant contends that the ninety day period within which the record could be filed in this cause did not expire until June 28, 1971, which date was ninety days after the Attorney General had received notice of the trial court's ruling on March 30, 1971. We do not agree with appellant's contention. Appellant relies on *Indiana Personnel Board* v. *Parkman* (1967), 140 Ind. App. 308, 223 N. E. 2d 352, 10 Ind. Dec. 17. In that case the Appellate Court held that notice sent by postcard was defective, holding that notice was required to be sent by registered mail. The Appellate Court further held that the time for filing of an appeal did not begin to run until the Attorney General received notice by registered mail. This Court has previously held that the statutes above cited are not applicable to eminent domain proceedings. *State*

*ex rel. Agan* v. *Hendricks Superior Court* (1968), 250 Ind. 675, 235 N. E. 2d 458, 13 Ind. Dec. 664.

We would further note that Burns 49-1937, *supra,* was repealed by Chapter 191 of the Acts of 1969. See *State* v. *Bridenhager, et al.* decided by this Court on the 23rd day of December, 1971.

At the present time the manner in which the Attorney General is notified of rulings of a court is governed by Trial Rule 17.1 which reads in part as follows:

> "Further, in any case in which the attorney-general represents the state of Indiana, the judge presiding in the case where such cause is pending, shall promptly notify the attorney-general by United States mail, addressed to his office in Indianapolis, Indiana, of any ruling made in such cause or of the fixing of a date for the trial thereof."

The rule also states that the state may appeal a judgment or decree "in like manner and under the same terms and conditions as other parties in like cases." It should be noted that the rule does not specify that the Attorney General will be notified by registered mail. The requirement of notification may be fulfilled by the use of ordinary mail.

Trial Rule 72 (D) states that

> "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules."

We, therefore, hold that the appellant did not timely file its verified petition for extension of time for filing a record of the proceedings in the trial court. Since the appellant has not perfected its appeal within the time allowed and its petition for extension of time was filed after the time for perfecting an appeal, this Court has no jurisdiction of the matter. *State ex rel. Peoples National Bank & Trust Co.* v. *Dubois Cir. Court* (1968), 250 Ind. 38, 233 N. E. 2d 177, 12 Ind. Dec. 568; *Brindle* v. *Anglin* (1965), 246 Ind. 601, 208 N. E. 2d 476, 5 Ind. Dec. 722.

578

Appellant's verified petition for extension of time is therefore denied and this cause is dismissed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 157.